

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 21, 1960

Honorable G. F. Steger
County Attorney
Colorado County
Columbus, Texas

Opinion No. WW-890

Re: Whether a school district
may levy a minimum tax of
one dollar per tax state-
ment regardless of the
amount of the tax due from
each property owner on the

Dear Mr. Steger:

basis of property valuation.

You have requested an opinion as to whether a school
district may levy a minimum tax of $1.00 per tax statement
regardless of the amount of the tax due from each property
owner on the basis of property valuation. You inform us
in your opinion request that Provident City Independent
School District, the district in question, has a tax rate
of fifty cents per $100.00 valuation, but that the district
levies a minimum tax of $1.00 per tax statement. You inform
us further that a statement declaring such a tax of $1.00
due on property valuated at $10.00 has been returned unpaid,
except for an accompanying check in the amount of five cents
which is deemed to be in payment of the tax on this property
as the tax would have been calculated had the ad valorem
rate been strictly followed.

In our opinion Article 2784e, Vernon's Civil Statutes,
is controlling of this question. This Article reads as
follows:

Article 2784e. (Maximum tax rate in school dis-
tricts)

"Taxing Power. The Commissioners Court for
the common school districts in its county, and
the district school trustees for the independent
school districts incorporated for school purposes
only, and trustees of rural high school districts
and the trustees of all other school districts
shall have power to levy and cause to be collected
the annual taxes and to issue the bonds herein
authorized, subject to the following provisions:

"1. In common school districts, for the further maintenance of public free schools and the erection and equipment of school buildings therein, a special tax; and in independent districts, rural high school districts and all other school districts for the maintenance of schools therein, an ad valorem tax not to exceed One Dollar and Fifty Cents ($1.50) on the One Hundred ($100.00) Dollars valuation of taxable property of the district.

"2. In common school and independent districts, rural high school districts and all other school districts, for the purchase, construction, repair or equipment of public free school buildings within the limits of such districts and the purchase of the necessary sites therefor, a tax not to exceed Fifty (50¢) Cents on the One Hundred ($100.00) Dollars valuation, such tax to be for the payment of the current interest on and provide a sinking fund sufficient to pay the principal of bonds which said districts are empowered to issue for such purposes;

"3. The amount of maintenance tax, together with the amount of bond tax of any district, shall never exceed One Dollar and Fifty Cents ($1.50) on the One Hundred ($100.00) Dollars valuation of taxable property; and if the rate of bond tax, together with the rate of maintenance tax voted in the district shall at any time exceed One Dollar and Fifty Cents ($1.50) on the One Hundred ($100.00) Dollars valuation, such bond tax shall operate to reduce the maintenance tax to the difference between the rate of the bond tax and One Dollar and Fifty Cents ($1.50).

"4. No tax shall be levied, collected, abrogated, diminished or increased, and no bonds shall be issued hereunder until such action has been authorized by a majority of the votes cast at an election held in the district for such purposes, at which none but property taxpaying qualified voters of such district shall be entitled to vote.

"5. All property assessed for school purposes in a common school district shall be assessed at the rate of value of property as said property is

> assessed for state and county purposes. Acts 1945, 49th Leg., p. 488, ch. 304, § 1; Acts 1947, 50th Leg., p. 534, ch. 314, § 1."

Without reaching the question of the propriety of a tax levied by the school district on other than an ad valorem basis, we are of the opinion that any method of calculating the amount of the tax to be levied and collected by the school district which results in taxing any taxable property within the district in an amount in excess of the maximum rates as set forth in Article 2784e is prohibited by that Article.

Article 2784e-1 provides another method of calculating the tax to be levied and collected by school districts, and provides that this method may be adopted by a district by means of a majority vote of the taxpaying property owners in the district. Article 2784e-1 also sets maximum permissible ad valorem tax rates. It does not appear from your request whether the provisions of this Article apply to the Provident City Independent School District. Should this Article be applicable, however, it, like Article 2784e, would operate to prohibit any tax on property within the district in an amount in excess of the permissible rates.

SUMMARY

> An independent school district may not levy a minimum tax of $1.00 per tax statement regardless of the amount of the tax due from each property owner on the basis of property valuation.

Very truly yours,

WILL WILSON
Attorney General of Texas

By _Lawrence Hargrove_
Lawrence Hargrove
Assistant

LH:hb

APPROVED:

OPINION COMMITTEE
Gordon C. Cass, Chairman

John Wildenthal, Jr.
Robert H. Walls
Fred Werkenthin
Paul Floyd

REVIEWED FOR THE ATTORNEY GENERAL
BY:   Leonard Passmore